UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELBY PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   Case No. 4:07CV1225 HEA ) |
| DAYTON FREIGHT LINES, INC., | ) ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and/or Strike, [Doc. No. 14]. Plaintiff has responded twice to the Motion. For the reasons set forth below, the motion is granted in part and denied in part.

## INTRODUCTION

Plaintiff brought this action, *pro se,* alleging discrimination and retaliation on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, breach of an alleged employment contract, outrageous conduct on the part of Defendant, negligent infliction of emotional distress, and intentional infliction of emotional distress. Defendant moves to dismiss and/or strike certain portions of the Second Amended Complaint.

## Facts and Background

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR), which was dually filed with the EEOC. The charge specifically alleged the following:

> On 8/25/05 I was discharged. The stated reason was violation of drug policy. I deny this charge. I had engaged [sic] protected activities by complaining about my supervisor (white) who was negative towards the African American employees in that he would send us home early and talked to [sic] rudely. After I complained I was watched and my performance timed and I was disciplined. I believe that I was watched, disciplined and sent home early based on my race, African American. I believe that I was discharged in retaliation for reporting/complaining about being sent home early and being talked to in a negative manor.

Defendant moves to dismiss from Count I the allegations which it claims are raised for the first time in this action, as contained in Plaintiff's Second Amended Complaint, *to wit*:

> Dayton Freights Lines Incorporated has practice [sic] Racial Discrimination in its discipline and firing policies, procedures, and practices, all affecting the terms, conditions and privileges of my employment. Defendant's actions and omissions described herein constitute treatment based upon my race and have had disparate impact upon Plaintiff.

> Plaintiff was paid a rate less than white employees, performing the same job duties. However, with less experience, qualifications and seniority. Additionally Plaintiff was promised an increase pay rate of pay. Plaintiff worked in the promoted position yet did not receive the promoted rate of pay for the job.

Defendant further moves to dismiss Count III, arguing that Plaintiff has failed to state a claim for breach of contract. Finally, Defendant moves to dismiss

Plaintiff's claims of emotional distress found in Counts IV, V and VI as being within the exclusive jurisdiction of the Labor and Industrial Relations Commission.

## DISCUSSION

### Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.").

## Count I's New Claims

Defendant argues that the above stated claims in Count I must be dismissed because they are not "reasonably related" to Plaintiff's original EEOC charge. The Court agrees. Plaintiff's charge claimed he was discriminated against in retaliation for complaining of discriminatory treatment of African American employees by his Caucasian supervisor. The new claims attempt to recover for disparate treatment in

Defendant's discipline and firing policies, procedures, and practices, and a lesser rate of pay. Neither of these claims fall within what is reasonably related to retaliation complaining about discriminatory practices nor wage discrimination.

In *Duncan v. Delta Consolidated Industries, Inc.*, the Eighth Circuit articulated Title VII's administrative exhaustion requirement as follows:

> "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of....discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). It is generally recognized that "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'"

*Duncan v. Delta Consolidated Industries, Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004) (internal citations omitted).

Subsequently-filed lawsuits are not required to mirror the administrative charges. *Duncan*, 371 F.3d at 1025. Rather, "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citations omitted).

In determining whether Plaintiff's claims in his Second Amended Complaint are "like or reasonably related" to the EEOC charge, the Court is mindful that the Eighth Circuit has recently narrowed its view on this point.

> We have, however, considerably narrowed our view of what is "like or reasonably related" to the originally filed EEOC allegations. While at one time, this judicial exception to the exhaustion doctrine permitted a finding that a subsequent retaliation claim growing out of an EEOC age discrimination complaint was sufficiently related to be within the scope of the lawsuit, *see Wentz v. Md. Cas. Co.,* 869 F.2d 1153, 1154 (8th Cir.1989), we have subsequently recognized that "retaliation claims are not reasonably related to underlying discrimination claims." *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1025 (8th Cir.2004) (internal marks omitted). *See also Roark v. City of Hazen, Ark.,* 189 F.3d 758, 761 (8th Cir.1999). Further informing our use of this doctrine, the Supreme Court has indicated that a discrete act of discrimination constitutes a separate actionable employment practice, and each discrete act starts a new clock for filing charges based upon it. *Morgan,* 536 U.S. at 113-14, 122 S.Ct. 2061. In accord with this principle, we have held that a refusal to hire is a discrete employment action, and refusals to hire that occurred subsequent to the timely filed EEOC charge "are not like or reasonably related to the claims in [the] administrative charge" because the timely filed administrative charge asserted only a single incident of refusal to hire on a specific date. *Parisi v. Boeing Co.,* 400 F.3d 583, 586 (8th Cir.2005). *See also Shelton v. Boeing Co.,* 399 F.3d 909, 912-13 (8th Cir.2005) (holding subsequent refusals to hire were not like or reasonably related where the EEOC charge identified a specific time period in which the alleged conduct occurred, and that time period ended four months before the date on which the EEOC questionnaire was submitted).

*Wedow v. City of Kansas City, Mo.* 442 F.3d 661, 672-673 (8th Cir. 2006).

As the Eighth Circuit has held, retaliation claims are not reasonably related to the underlying discrimination claim. Conversely, therefore, an underlying

discrimination claim, *i.e.*, Plaintiff's new allegations of general disparate treatment toward African American employees, cannot be considered to be reasonably related to Plaintiff's claim of discriminatory retaliation.

Likewise, Plaintiff's new claim of wage discrimination based on his race is nowhere close to Plaintiff's claim that he was retaliated against based on his complaints of discriminatory treatment of African American employees. Nowhere in his EEOC claim does Plaintiff even mention any wage differential between himself and white employees. As such, Plaintiff's new claims must be dismissed from this action for failure to exhaust his administrative remedies with the MCHR or the EEOC.

## **Count III**

Defendant moves to dismiss Count III for failure to state a claim. In Count III, Plaintiff alleges that he had a contractual relationship with Defendant. Plaintiff, however, has failed to provide the grounds of his entitlement to relief, *i.e.,* "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964-65, 1974. The Second Amended Complaint contains no factual allegations sufficient to raise a right to relief above the speculative level. *Id.* at 1965. Plaintiff has not attached a copy of any contract as an exhibit to his Second Amended Complaint, nor does he set forth the essential elements of a binding contract, rather, he merely states that he had a contractual relationship with Defendant. Even

construing this Complaint in the light most favorable to Plaintiff, mindful of his *pro se* status, the Complaint fails to set forth a claim, under the *Twombly* standard, upon which relief can be granted. Count III must therefore be dismissed.

## Counts IV, V and VI

Defendant moves to dismiss Plaintiff's claims for outrageous conduct (Count IV), negligent infliction of emotional distress, (Count V), and intentional infliction of emotional distress, (Count VI) as falling within the exclusive jurisdiction of the Labor and Industrial Relations Commission, (LIRC), arguing that these injuries, pursuant to the Workers Compensation Laws, arose during the course of Plaintiff's employment. While the Court agrees that injuries arising during the course of an employee's employment are exclusively within the LIRC's jurisdiction, the injuries alleged in the Second Amended Complaint do not appear to have arisen during Plaintiff's employment, but rather subsequent to his employment, at the time of his termination.[1] As such, the claims are not properly brought pursuant to the Worker's Compensation Law, but are properly before this Court based on its supplemental jurisdiction.

Missouri workers' compensation laws provide the exclusive remedy

---

[1] At this stage of this litigation, the underlying facts are not developed to the point of ascertaining with certainty that Plaintiff claims subsequent emotional distress. In the event that the facts establish that the alleged emotional distress occurred during Plaintiff's employment, Defendant is given leave to refile its motion.

for injuries "arising out of and in the course of ... employment." Mo.Rev.Stat. § 287.120 (Supp.1992); *see also Waldermeyer v. ITT Consumer Fin. Corp.,* 767 F.Supp. 989, 993-94 (E.D.Mo.1991) (discussing emotional distress which arose during the course of employment). Here, however, [Plaintiff's] emotional distress injury did not arise in the course of her employment. Instead, her unemployment, as a result of a discriminatory discharge, caused her distress. The workers' compensation laws, therefore, do not apply.

*Kientzy v. McDonnell Douglas Corp*. 990 F.2d 1051, 1060-1061 (8th Cir. 1993).

These Counts, therefore are not subject to dismissal.

## Conclusion

In summary, the new claims contained in Count I of Plaintiff's Second Amended Complaint are not reasonably related to his charge of discrimination and are therefore dismissed. Count III is dismissed for failure to state a claim, Counts IV, V and VI are not subject to dismissal on the grounds that they fall within the exclusive jurisdiction of the LIRC.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 14], is granted in part and denied in part, without prejudice to refiling after development of the record herein.

Dated 31st day of December, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE